FILED'09 AUG 28 11:05 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTOPHER BARAN,

        Petitioner,        Civil No. 07-1411-CL

        v.        REPORT AND
               RECOMMENDATION

JEAN HILL,

        Respondent.

CLARKE, Magistrate Judge.

    Petitioner is in the custody of the Oregon Department of Corrections after convictions for eight counts of Rape in the First Degree, three counts of Sodomy in the First Degree and four counts of Attempted Sodomy in the First Degree. After the trial court convicted petitioner of the above listed crimes, the court imposed various concurrent and consecutive sentences totaling 300 months of imprisonment. Respondent's Exhibit 101.

    Petitioner directly appealed his convictions, but the

1 - REPORT AND RECOMMENDATION

Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Respondent's Exhibits 104 - 108.

Petitioner filed a petition for post-conviction relief, Respondent's Exhibit 109, but the court denied relief; the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Respondent's Exhibits 132 - 136.

Petitioner filed a petition for habeas corpus relief under 28 U.S.C. § 2254 (#2) alleging:

<u>Ground One:</u>  Trial Court erred in allowing expert testimony which vouched for credibility of alleged victim.

A CARES pediatric nurse testified that complaining witness was suffering from child sexual abuse at hands of defendant and offered expert testimony on whether victim was telling the truth.

<u>Ground Two:</u>  Trial counsel was ineffective for failing to mount and pursue an insanity defense.

Two psychologists evaluated defendant, one finding a clean bill of mental health, the other finding numerous and serious, mental disorders.  Trial counsel did not call the experts as witnesses, did not enter their reports, nor did he otherwise pursue an insanity defense.

In addition, in his "Opening Brief" (#35) petitioner alleges a "claim of actual innocence that he did not commit the crimes for which he was convicted." <u>Id</u>., p. 11-12.

Petitioner also seeks a stay of this proceeding in order to return to state court to exhaust an ineffective assistance of counsel claim based on his attorney failing to raise or argue a "partial responsibility" defense.

Before the court is respondent's motion to deny relief

2 - REPORT AND RECOMMENDATION

and dismiss this proceeding. Response (#25).

Federal courts may entertain applications for writs of habeas corpus by state prisoners "only on the ground that he is in custody in violation of the Constitution or law or treaties of the United States. 28 U.S.C. § 2254(a). "Federal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764), 780 (1984). "Rather, "[i]t is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of [federal] constitutional dimension." Wainwright v. Goode, 464 U.S. 78, 83 (1983) (citing Engle v. Issac, 456 U.S. 107 (1982).

Respondent argues that petitioner's petition should be denied on the ground that it does "not allege specific violations of the federal constitution, or any other body of federal law." Response (#25) p. 4.

Respondent's argument is well taken. However, petitioner is proceeding pro se and arguably this deficiency could be cured by amendment. Therefore, I find that it is appropriate to assume that petitioner *could* allege a federal constitutional basis for his claims and consider them accordingly.

Motion to stay: In Petitioner's Opening Brief (#35) petitioner alleges that his attorney was ineffective for failing to raise and argue a "partial responsibility"

3 - REPORT AND RECOMMENDATION

defense.[1] Petitioner seeks a stay of this proceeding to "allow the petitioner to return to post conviction (to) complete state exhaustion on this issue." Id., p. 10.

Pursuant to ORS 138.510(3)(b), petitions for post-conviction relief must be filed within two years of the final appellate judgment. In this case, petitioner's appeal was final on November 29, 2002. Therefore, the last date petitioner could have filed a petition for post-conviction relief was November 28, 2004. All claims must be pleaded in the original or amended post-conviction petition, or they are waived unless they could not reasonably have been raised in the petition. ORS 138.550(3); see also, Bowen v. Johnson, 166 Or. App. 89 (2000), *rev. denied*, 330 Or. 553 (2000).

The time for presenting post-conviction claims has expired and petitioner has not alleged any reason why he could not have reasonably raised a claim based on counsel's failing to present a "partial responsibility" defense during his original post-conviction proceeding.

There is no reason to stay this proceeding for petitioner to pursue a futile state court proceeding to attempt to exhaust state remedies regarding this un-pleaded claim. Petitioner's request to stay this proceeding should be denied.

Ground One: On direct appeal, petitioner assigned error to the court's admission of testimony from a pediatrician who

---

[1]This claim is not raised in petitioner's petition.

4 - REPORT AND RECOMMENDATION

diagnosed petitioner's victims as suffering from child sexual abuse. However, he only challenged the admission of the testimony and diagnosis as violative of the Oregon Evidence Code. As noted above, the Court of Appeals affirmed without opinion. State v. Baran, 180 Or. App. 394 (2002). Petitioner sought review from the Oregon Supreme Court on the same Oregon evidentiary grounds, but review was denied. 335 Or. 42 (2002). Respondent's Exhibits 104-108.

Under 28 U.S.C. § 2254(b)(1), a state prisoner must exhaust available state remedies before seeking a federal writ of habeas corpus, "thereby giving the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan v. Henry, 513 U.S.A. 364, 365 (1995)). The exhaustion requirement is satisfied if petitioners "fairly present" their federal claims to each appropriate state court, thereby alerting the court to the federal nature of the claim. Id.

A state prisoner must exhaust all available state remedies either on direct appeal or through collateral proceedings (eg. state post-conviction relief) before a federal court may consider federal habeas corpus relief. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Coleman v. Thompson, 501 U.S. 722 (1991) [requiring dismissal of federal petition unless all available state remedies as to all federal claims are exhausted]. The essence

5 - REPORT AND RECOMMENDATION

of the requirement is that no state remedy exists at the time the petition was filed. Rose v. Lundy, 455 U.S. 509 (1982). A prisoner satisfies the exhaustion requirement by "fairly presenting" his claims to the highest state court with jurisdiction to consider them, thereby affording the state courts the opportunity to consider the allegations of legal error and correct any violations of its prisoner's federal rights. Baldwin v. Reese, 541 U.S. 27, 29 (2004)(citing Duncan v. Henry, 513 U.S. 364, 365 (1995)). In Oregon, this requirement is satisfied when the claim is fairly presented to the state supreme court. Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003).

A prisoner fairly presents his claims by describing in the state court proceeding both the operative facts and the legal theory on which his claim is based. Id., Anderson v. Harless, 459 U.S. 4 (1982); Guizar v. Estelle, 843 F.2d 371 (9th Cir. 1988); Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir. 1986). The claim must be specifically characterized in the state proceedings as "federal," Castillo v. McFadden, 370 F.3d 882, 886 (9th Cir. 2004); Baldwin v. Reese, 541 U.S. 27 (2004), and the petitioner must make the federal basis of the claim explicit either by citing to federal law or to the decisions of federal courts, even if the federal basis of the claim is "self-evident." Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) cert. denied, 528 U.S. 1087 (2000) (citing Anderson v. Harless, 459 U.S. at 7). In Gray v. Netherland,

6 - REPORT AND RECOMMENDATION

518 U.S. 152 (1996), the Court held that to "fairly present" a federal claim in state court, habeas petitioner's must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." Id. at 162-63.

Therefore, a claim has not been exhausted in state court unless the petitioner both raised the claim in state court and explicitly indicated that the claim was a federal one, regardless of whether the petitioner was proceeding *pro se*. Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended by* 247 F.3d 904 (9th Cir. 2001). See also, Fields v. Waddington, 401 F.3d 1018, 1022 (9th Cir. 2005) (holding that *pro se* petitioner who did not label his claim as federal during the state-court proceedings did not properly exhaust a federal claim by citation to state cases that engaged in both state and federal analyses).[2] State appellate courts are "not required to comb the trial court's decision to discover" the federal issue. Castillo, 370 F.3d at 887.

On appeal, petitioner only challenged the admission of the testimony giving rise to his claim in Ground One on the ground that it allegedly violated Oregon evidentiary code rules. He did not identify any federal basis for his claim and thus did not "fairly present" his claim to the state

---

[2]In this case petitioner was represented by counsel at all stages of his direct appeal.

7 - REPORT AND RECOMMENDATION

courts.

If a petitioner does not fairly present his federal claims in state court, and can no longer do so because they are procedurally barred under state law,[3] the claims are technically exhausted. <u>Coleman v Thompson</u>, supra; <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996). In such cases, the claims are procedurally defaulted in federal court because they were not *properly* exhausted, <u>O'Sullivan</u>, 526 U.S. at 848, and federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a miscarriage of justice." <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977); <u>Cockett v. Ray</u>, 333 F.3d 938, 943 (9th Cir. 2003); <u>Noltie v. Peterson</u>, 9 F.3d 802, 804-05 (9th Cir. 1993);

"'Cause' is a legitimate excuse for the default and 'prejudice' is actual harm resulting from the alleged constitutional violation." <u>Thomas v. Lewis</u>, 945 F.2d 1119, 1123 (9th Cir. 1991). "Cause" exists only where there is a showing that "some objective factor external to the defense

---

[3]Assuming *arguendo* petitioner could allege a federal basis for his claim in Ground one, he could not now present it to the state appellate courts. ORS 138.071 requires that notice of appeal be filed within 30 days after the judgment or order appealed is entered in the register. ORS 2,520 requires that petitions for review in the Oregon Supreme Court be filed within 35 days of the Court of Appeals decision. *see also*, ORAP 9.05(2) (requiring petitions for review to the Supreme Court be filed within 35 days from the Court of Appeal's decision).

8 - REPORT AND RECOMMENDATION

impeded counsel's efforts to comply with the State's procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986).

"Prejudice" exists only if "actual and substantial disadvantage" resulting form the procedural default is shown. U.S. v. Frady, 456 U.S. 152 (1982). It is not enough to demonstrate the mere possibility of prejudice. Actual prejudice must be demonstrated. Id.

In the extraordinary case, cause for procedural default may be established by demonstrating a "fundamental miscarriage of justice," Coleman, 501 U.S. at 750, resulted in a "constitutional violation [that] probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986); Noltie, 9 F.3d at 806.

In this case, petitioner has not alleged any cause and prejudice for his procedural default or responded to respondent's argument concerning his Ground One.[4] Accordingly, petitioner Ground One should be denied.

Ground Two: Petitioner alleges as Ground Two that his trial counsel was ineffective for failing "to mount and pursue an insanity defense." Petition (#2) p. 6.

Petitioner filed a Formal Petition for Post-Conviction Relief in Baran v. Hill, Malheur County Circuit Court Case No. 03-09-3124-M. Respondent's Exhibit 109. In his post-conviction proceeding, petitioner alleged twelve claims of

---

[4]Petitioner's "actual innocence claim" is discussed below.

9 - REPORT AND RECOMMENDATION

ineffective assistance of counsel, including a claim that trial counsel was ineffective for "failing to raise a mental health defense." Id., p. 4. The post-conviction court found that petitioner had a "failure of proof" on his claim that his counsel was ineffective for failing to raise a mental health defense. Respondent's Exhibit 130, p. 7-8; Respondent's Exhibit 131. On appeal, petitioner assigned error to the post conviction court's denying relief on his claim that "trial counsel should have mounted an insanity defense." Respondent's Exhibit #137 p. 4. The Oregon Court of Appeals affirmed without opinion, Baran v. Hill, 211 Or. App 435 (2007), Respondent's Exhibit #136 and the Oregon Supreme Court denied review. 343 Or. 115 (2007). Respondent's Exhibits 135.

Petitioner now "concedes with the respondent that there is little to no evidence to support that petitioner can prove beyond a reasonable doubt he is insane or was insane at the time the crimes for which he was convicted were committed." Petitioner's Opening Brief (#35) p. 2.

In any event, the state court decisions denying relief on petitioner's ineffective assistance of counsel claim is entitled to deference by this court and is correct on the merits.

Petitioner's federal habeas petition was filed after April 24, 1996, and is therefore governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254. Woodford v. Garceau, 538 U.S. 202, 210 (2003). Under AEDPA,

10 - REPORT AND RECOMMENDATION

habeas relief may be granted only when a state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceedings." 28 U.S.C. § 2254(d); Wiggins v. Smith, 539 U.S. 510, 520 (2003).

A state court's decision is "'contrary to' federal law if it fails to apply the correct controlling Supreme Court authority or comes to a different conclusion ... [from] a case involving materially indistinguishable facts." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002) (citing Bell v. Cone, 535 U.S. 685, 694). The Supreme Court has held that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000).

The Supreme Court has held that "[i]t is past question that the rule set forth in Strickland, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams v Taylor, supra at 391. Under Williams, a petitioner may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).

11 - REPORT AND RECOMMENDATION

Under <u>Strickland</u>, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components. First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense. <u>Id</u>. at 687.

The first prong of the <u>Strickland</u> test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness. <u>Strickland</u>, <u>supra</u> at 688. The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id</u>., at 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome." <u>Id</u>.

The record reflects (1) that petitioner never requested that counsel pursue an insanity defense; (2) no credible information indicated that petitioner was insane; (3) despite two evaluations, no professional opined that petitioner was unable to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law as required by ORS 131.259(1); and (4) an insanity defense was inconsistent with petitioner's theory and the defense that was ultimately advanced at trial, that is that petitioner did not commit the offenses.

Thus, the state court determination that petitioner's

12 - REPORT AND RECOMMENDATION

counsel was not deficient for failing to pursue an insanity was not an unreasonable application of Strickland and is entitled to deference by this court. Moreover, the record reflects that counsel was not deficient for failing to present an insanity defense because there was no evidence to support such a defense - a point which petitioner now concedes. Petitioner's Ground Two should be denied.

"Claim of Actual Innocence:" In "Petitioner's Opening Brief" (#35) he asserts a "claim of actual innocence." It is not clear whether petitioner seeks to assert the claim as a third ground for relief (ie. a stand alone claim) or as a gateway to present his procedurally defaulted claim, alleged as Ground One, or his (unpleaded) unexhausted claim concerning the "partial responsibility" defense discussed above.

The Standard to evaluate whether a petitioner is entitled to excuse his procedural defaults because he is actually innocent was adopted by the Supreme Court in Schlup v. Delo, 513 U.S. 298 (1995); see, House v. Bell, 547 U.S. 518, 536-537 (2006). The standard is whether the petitioner has shown that "it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." Schlup, 513 U.S. at 327, 329 (citing Murray v. Carrier, 477 U.S. 478 (1986)). This standard is not satisfied by a showing of reasonable doubt in light of evidence not presented at trial. Rather, a petitioner must show that it is more likely than not

13 - REPORT AND RECOMMENDATION

that, in light of all the evidence, no reasonable juror would have found him guilty. Schlup, 513 U.S. at 328; Claderon v. Thompson, 523 U.S. 538, 565 (1998) (showing of actual innocence must be made in the light of "the totality of the evidence of [the petitioner's] guilt").

The evidence of innocence must be "new" and "reliable" evidence not presented at trail. House v. Bell, supra. New reliable evidence can consist of "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." Schlup v. Delo, 513 U.S. at 324-27. However, "[g]iven the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected. Calderon v Thompson, supra at 559.

Petitioner's "evidence" of actual innocence in this case does not begin to approach the requisite standard.

First, petitioner's argument is premised on a misstatement that the claims in the underlying criminal indictment were alleged to have occurred in 1997. The indictment reflects that the crimes occurred between August 1, 1995 and August 31, 1997. See, Respondent's Exhibit 102.

In addition, plaintiff's time-line of events alleged in support of his argument that he did not have access to the victims during the time period when the sexual offenses were alleged to have occurred is inconsistent with the trial testimony of the victims, petitioner's mother, and the child welfare worker witness.

14 - REPORT AND RECOMMENDATION

Petitioner's self serving and unsupported statement that child welfare worker Amy Walker Avino would have testified that there was no evidence of sexual abuse during the time she was the family Case Worker, does not constitute "new and reliable" evidence sufficient to prove actual innocence.

Even if Ms. Avino testified that she did not see any evidence of abuse, her testimony would have been inadequate to overcome the very detailed and graphic testimony from petitioner's victims.

The jury would have undoubtedly understood the reasons why the victims would not have disclosed the abuse until they were finally removed from the home where petitioner resided.

I find that petitioner's unsupported statement about Ms. Avino's possible testimony falls far short of the standard required to establish actual innocence for purposes of excusing the procedural default of unexhausted claims.

Based on all of the foregoing, petitioner's Petition (#2) should be denied. This proceeding should be dismissed.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten

15 - REPORT AND RECOMMENDATION

(10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de</u> <u>novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this 27 day of August, 2009.

_____
Mark D. Clarke
United States Magistrate Judge